**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**AMBER JOHNSON**
**ADC #714325**                                                                    **PETITIONER**

**V.**                                  **NO. 4:24-cv-00403-JM-ERE**

**DEXTER PAYNE,**
**Director, Arkansas Department of Correction**              **RESPONDENT**

**RECOMMENDED DISPOSITION**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Your objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**I.      Background**

On May 6, 2024, Amber Johnson, an inmate at the McPherson Women's Unit of the Arkansas Division of Correction, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *Doc. 1*. Ms. Johnson's petition was not accompanied by the filing fee or request to proceed *in forma pauperis* ("IFP"), and by Order entered May 13, the Court directed her to either pay the $5.00 filing fee or

file a completed application to proceed IFP. *Doc. 2*. On May 20, 2024, Ms. Johnson

filed a motion to proceed *in forma pauperis*. *Doc. 3*. By order entered the same day,

the Court denied IFP status and directed Ms. Johnson to pay the $5.00 filing fee, in

full, by June 4, 2024. *Doc. 4*. The Court specifically cautioned Ms. Johnson that if

she failed to pay the filing fee by the deadline, this habeas action may be dismissed,

without prejudice, pursuant to Local Rule 5.5(c)(2). [1]

Ms. Johnson has not paid the filing fee, and the time to do so has expired.

## II.   Conclusion

IT IS THEREFORE RECOMMENDED that this case be dismissed, without

prejudice, for failure to comply with the Court's May 20, 2024 Order and prosecute

this habeas action.

---

[1] In its previous Orders, the Court explained to Ms. Johnson that as a *pro se* litigant, she must comply with Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. *Doc. 2 at 2 & n.6; Doc. 4 at 2 & n.3*.  The Court provided Ms. Johnson the complete text of Rule 5.5(c)(2), which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (emphasis added.) *See also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

Local Rule 5.5(c)(3) (emphasis added.)  *See also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

Dated 27 June 2024.

_____

UNITED STATES MAGISTRATE JUDGE